IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN DAVIS,   CASE NO. 2:10-cv-471
  CRIM. NO. 2:06-cr-136

    Petitioner,

  JUDGE SMITH

v.

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

On June 28, 2010, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus, filed in the Eastern District of Kentucky as a petition under 28 U.S.C. §2241 but transferred to this District, be denied. Although the Court's docket shows that petitioner filed two objections to the Report and Recommendation, these documents are identical, so petitioner has actually filed only a single objection. In it, he takes issue both with this Court's assumption of jurisdiction over the case, and the recommendation that the petition be dismissed on its merits. For the following reasons, and after a *de novo* review of the issues, the Court will overrule the objection and dismiss this case.

### I. JURISDICTION

As he did in his reply brief, petitioner objects to this Court's exercise of jurisdiction, contending that his attack on his conviction for possession of a firearm in relation to a drug trafficking offense, a violation of 18 U.S.C. §924(c), was brought

under 28 U.S.C. §2241 and not §2255.  Because he is in custody in the Eastern District of Kentucky, he argues that only the District Court in that judicial district may exercise jurisdiction over his claim.

The Report and Recommendation acknowledged that there is some room to debate whether the petitioner properly brought his claim under §2241 and, thus, whether the transfer of the case to this District based on the conclusion that this is a §2255 petition, to be decided by the sentencing court, was proper.   However, the Court agrees with the conclusion in the Report and Recommendation that any issue about jurisdiction relates not to subject matter jurisdiction - any federal district court clearly has subject matter jurisdiction to entertain actions brought under either 28 U.S.C. §2241 or §2255 - but personal jurisdiction over the custodian.  As noted, personal jurisdiction is a defense which can be waived by the respondent, and respondent did not object to the transfer of the case and has not objected to the Report and Recommendation to the extent that it found a waiver of personal jurisdiction.  Thus, regardless of which statutory section actually governs this case, the Court has jurisdiction to decide it.

## II.  THE MERITS

As to the merits, petitioner has simply incorporated his reply brief into his objection.  In his reply, he argues that the element of possession of a firearm in relation to a drug trafficking offense cannot be satisfied if the firearm was obtained in a gun-for-drugs swap, citing to *Watson v. United States*, 552 U.S. 74 (2007), a case holding that obtaining a firearm in a barter transaction involving drugs does not violate the "use" prong of 18 U.S.C. §924(c).  According to petitioner, the "possession in furtherance of"

prong of that same statute requires more proof than the "use" prong, so if a barter transaction does not satisfy the latter, it cannot satisfy the former.

What petitioner does not acknowledge, and what is dispositive of the issue in this case, is that his conviction for possession of a firearm in relation to a drug trafficking offense - a conviction which followed a guilty plea - was essentially unrelated to how he came into possession of the firearm.  As the Report and Recommendation points out, petitioner's counsel represented in the sentencing memorandum that the factual predicate for the §924(c) conviction was the fact that, when petitioner's home was searched, a weapon was found in a safe with the narcotics which formed the basis of the drug trafficking charge.  How and when petitioner obtained that weapon was irrelevant; it was its presence in the safe on the day in question - a day apparently subsequent to the date on which petitioner allegedly bartered drugs for the gun - which caused him to be convicted under §924(c).  Thus, the question he raises under the *Watson* case, which is whether obtaining a gun in exchange for drugs can violate the possession in furtherance prong of §324(c), simply has no application to the facts of this case.  For that reason, his objection on the merits is unpersuasive.

### III.  DISPOSITION

For the above reasons, petitioner's objection to the Report and Recommendation is OVERRULED and the Report and Recommendation is ADOPTED.  The petition for a writ of habeas corpus is DENIED, and this action is DISMISSED.

             \s\ George C. Smith

             GEORGE C. SMITH
             United States District Judge